BURDEN *v.* ZANT, WARDEN

No. 92–8836.   Decided January 10, 1994

PER CURIAM.

In *Burden* v. *Zant,* 498 U. S. 433 (1991) *(per curiam),* we reversed a judgment of the Court of Appeals for the Eleventh Circuit, which had upheld denial of habeas relief on a claim of ineffective assistance of counsel due to conflict of interest.   The case is before us again on a petition seeking review of the decision rendered on remand, 975 F. 2d 771 (1992), in which the Court of Appeals once again rejected Burden's claim that he had been deprived of the right to be represented by counsel free of conflict of interest.

In our earlier unanimous *per curiam* opinion, we held that the courts below had failed to accord the presumption of correctness apparently due a state-court determination bearing on the conflict claim (*i. e.*, that Dixon, the key prosecution witness allegedly represented by Burden's pretrial counsel, "'was granted immunity from prosecution,'" 498 U. S., at 436). See 28 U. S. C. § 2254(d). We directed the Court of Appeals on remand to evaluate Burden's conflict-of-interest claim "free from" the "erroneous failure to credit the state trial court's finding . . . ." 498 U. S., at 438.

In the decision now before us, the Eleventh Circuit majority first held that there was no need for a federal habeas court to presume the correctness of the immunity finding, because it had not been "adequately developed" in the state trial court proceeding. See 28 U. S. C. § 2254(d)(3). The majority reasoned that the trial court's conclusion, contained in an administrative report to the State Supreme Court, see Ga. Code Ann. § 17–10–35(a) (1990), and not labeled a finding of fact or conclusion of law, amounted to the trial judge's mere personal "impression" on an issue not subject to significant dispute at trial. See 975 F. 2d, at 774–775. Declaring it "improper" to defer to the judge's "comment," *id.*, at 775, the Court of Appeals explained that it would uphold its prior denial of relief on the basis of a District Court finding, said to be that "Dixon did not testify under a grant of transactional immunity or pursuant to a promise that the State would not prosecute him," *ibid.* In a dissenting opinion, Judge Anderson maintained that the District Court's order contained no such finding and that his colleagues had overlooked the record of evidence strongly supporting Burden's contention that some sort of immunity deal had, in fact, been struck.

Reviewing the record, we are convinced that Judge Anderson was correct, that the decision of the Court of Appeals was grounded on manifest mistake, and that reversal is warranted on that basis alone. We therefore grant the motion

for leave to proceed *in forma pauperis* and the petition for a writ of certiorari and reverse and remand for the Eleventh Circuit, or subject to its further order the District Court, to determine whether Mr. Kondritzer's representation created "an actual conflict of interest adversely affect[ing] [his] performance." *Cuyler* v. *Sullivan,* 446 U. S. 335, 350 (1980).

*Reversed and remanded.*